# Fair's Estate.

*Appeals—Interlocutory decree—Appointment of auditor—Quashing appeal.*

An order of the orphans' court appointing an auditor to pass upon exceptions to an executor's account, restate and reform the account, and to make distribution of the balance found due, is an interlocutory order from which an independent appeal does not lie.

*Appeals—Defective paper-book—Failure to print auditor's report—Rule 27 of Superior Court.*

An appeal from an order confirming an auditor's report will be quashed, where the appellant's paper-book does not contain a copy of the auditor's report and the exceptions thereto, and does not set forth the decree upon such exceptions.

Argued May 6, 1907. Appeal, No. 46, April T., 1907, by J. C. Fair, from decree of O. C. Clarion Co., appointing an auditor in Estate of Hiram Fair, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Decree appointing an auditor.
The opinion of the Superior Court states the case.

*Error assigned* was as follows :
The court erred in granting exceptant's motion, which motion was as follows :
" And now, November 27, 1905, Mary J. Fair, exceptant, by Corbett and Rugh, her attorneys, move the court in the above estate for the appointment of an auditor to pass upon the exceptions filed in the same, and reform the account in accordance therewith," upon which the court made the following order :

264　　　　　FAIR'S ESTATE.

Assignment of Errors—Opinion of the Court. [34 Pa. Superior Ct.

"And now, February 26, 1906, after argument and due consideration, rule absolute, and S. K. Clarke, Esq., appointed auditor to pass upon the exceptions, restate and reform the account, make distribution if any balance is found to be due to the estate and report at the next regular term of court. The confirmation of the said account is hereby continued until the further order of the court."

*F. J. Maffett*, of *Maffett & Rimer*, with him *G. G. Sloan*, for appellant.

*Don C. Corbett*, for appellee, filed no printed brief.

OPINION BY RICE, P. J., October 7, 1907:

The appellant is placed in this dilemma: The order of which he complains, appointing an auditor to pass upon the exceptions, restate and reform his account and make distribution of the balance found due, is clearly an interlocutory order from which an independent appeal does not lie. If, therefore, as might be inferred from appellant's paper-book, no final decree has been entered, the appeal is premature. If, on the other hand, the auditor made report, which was confirmed, and final decree was entered, the appellant's paper-book is defective. in material particulars: it does not contain a copy of all the docket entries; it does not contain a copy of the auditor's report and the exceptions thereto, and does not set forth the decree upon such exceptions. See rule 27 of the Superior Court. In either event the appellee's motion to quash must prevail. We remark in addition that we discover no such plain misconstruction on the part of the court below of its own rules, or such abuse of its discretionary power to relieve from technical defaults, where this can be done without injury to either party, as would justify this court in interfering.

The appeal is quashed at the costs of the appellant.